## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**MARIA ISABEL ALVARADO NAVARRO, ARMANDO ROMERO ROJO, and CHRISTIAN "RICARDO RODRIGUEZ" ENRIQUE CAMACHO ALVARADO**, a minor by his mother and natural guardian, **MARIA I. ALVARADO NAVARRO**; and **DIEGO "ALEXIS" ELEAZAR CAMACHO ALVARADO**, a minor by his mother and natural guardian **MARIA I. ALVARADO NAVARRO,** for himself and all others similarly situated,

                                    Plaintiffs,

**CLASS AND COLLECTIVE ACTION COMPLAINT**

v.

**DEMAND FOR TRIAL BY JURY**

**BUILDING SERVICE, INC.**, d/b/a **GUADALUPE "LUPE" CASTILLO RAMIREZ** AND **ESTEBAN ALVARADO NAVARRO,**

                                    Defendants,

Plaintiff Maria Isabel Alvarado Navarro, by her undersigned attorneys, brings this action, for herself and all others similarly situated, against Defendant Building Service, Inc., d/b/a Guadalupe "Lupe" Castillo Ramirez AND Esteban Alvarado Navarro. Based upon personal knowledge, information, and belief, Plaintiff alleges as follows:

### THE NATURE OF THE ACTION

1.    Defendant Guadalupe "Lupe" Castillo Ramirez (the "Individual Defendant") owns, directs, and operates Defendants Building Service, Inc. (collectively, the "Corporate Defendants"). Together, the Corporate Defendants provide professional janitorial services to commercial properties and businesses throughout New York City, Queens, Bronx, Long Island, New Jersey, Connecticut, Brooklyn, and Staten Island.

2.       From December 1, 2022, until June 8, 2023, Plaintiff Maria Isabel Alvarado Navarro's ("Plaintiff") job involved cleaning and maintenance work. The Plaintiff was employed by Building Service INC and worked at various locations, including clinics and Vivvi childcare centers. Her responsibilities included cleaning, organizing, and taking care of children at the Vivvi centers. Additionally, Plaintiff covered work at different locations and sometimes worked alongside her sons, Christian "Ricardo Rodriguez" Enrique Camacho Alvarado (18) and Diego "Alexis" Eleazar Camacho Alvarado (16), and her partner, Armando Romero Rojo. Plaintiff held the cleaning and maintenance of a non-exempt employee under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.

3.       The Plaintiff also brings this action to recover the unpaid wages and overtime premiums she is owed pursuant to New York Labor Law ("NYLL"), §§ 650 et seq.; unpaid spread-of-hours premiums she's owed pursuant to N.Y. Comp. Codes R. & Regs. ("NYCRR") 12 §§ 142-2.2, -2.4; damages due to Defendants' failure to provide time for meals pursuant to NYLL § 162; and damages due to Defendants' violations of the wage notice provisions pursuant to NYLL §§ 190 et seq.

4.       The Plaintiff brings these claims on her own behalf and as representative for a Federal Rule of Civil Procedure 23 class of all current and former employees of the Corporate Defendants, who worked in New York as kitchen staff (collectively, the "Class" or "Class Members") in the time period that commenced six (6) years prior to the filing of this Complaint (the "Class Period").

5.       With rare exceptions, the Plaintiff worked an excess of sixty (60) hours per week for the Corporate Defendants; typically, she worked at least seventy (70) hours per week. Throughout the duration of her employment, the Plaintiff's children worked multiple shifts per week that lasted longer than ten (10) hours.

6.      Nonetheless, upon information and belief, Plaintiff's hours were manually altered by the Defendants after she "clocked in" and "clocked out" at the beginning and conclusion of each of her shifts to falsely state that her shifts were shorter than they actually were. Consequently, the Plaintiff was persistently underpaid despite being entitled to overtime premiums and spread-of-hours premiums.

7.      Plaintiff brings this action to recover the unpaid wages, overtime premiums, related penalties, and damages she is owed pursuant to the FLSA. She brings this claim on her own behalf and for a collective of all current and former employees of the Corporate Defendants, including her sons and partner who also worked at Building Service INC. (collectively, the "Collective Action Members") in the time period that commenced three (3) years prior to the filing of this Complaint (the "Collective Action Period").

8.      The Plaintiff also brings this action to recover the unpaid wages and overtime premiums she is owed pursuant to New York Labor Law ("NYLL"), §§ 650 et seq.; unpaid spread-of-hours premiums she's owed pursuant to N.Y. Comp. Codes R. & Regs. ("NYCRR") 12 § 142, 2.2 -2.4; damages due to Defendants' failure to provide time for meals pursuant to NYLL § 162; and damages due to Defendants' violations of the wage notice provisions pursuant to NYLL § 190 et seq. She brings these claims on her own behalf and as the representative of a Federal Rule of Civil Procedure 23 class of all current and former employees of the Corporate Defendants who worked in New York as kitchen staff (collectively, the "Class" or "Class Members") in the time period that commenced six (6) years prior to the filing of this Complaint (the "Class Period").

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This Court also has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

10. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Ms. Maria's State law claims are sufficiently related to her FLSA claims thus they comprise the same case or controversy.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

12. A substantial portion of the events or omissions giving rise to the claims occurred in this district. Furthermore, the Defendants maintain business locations in this district. Therefore, venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## THE PARTIES

13. Plaintiff Maria Isabel Alvarado Navarro was, at all relevant times, an adult residing in Queens County, New York. Throughout the relevant time period, Ms. Maria was employed as a cleaner by Building Service, Inc. consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). Ms. Maria's written consent forms are attached hereto, as Exhibit A, and incorporated by reference.

14. Plaintiff Armando Romero Rojo was, at all relevant times, an adult individual residing in Queens County, New York. Throughout the relevant time period, Mr. Rojo was employed as a cleaner by Building Service, Inc. Mr. Rojo consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

15. Upon information and belief, Defendant Building Service, Inc. is an active New York Corporation, with its principal place of business at 223 Wall St., Huntington, NY 11743, and 140 Clay Pitts Rd Greenlawn, NY 11740.

16. Upon information and belief, Defendant Building Service, Inc. is an active New York Corporation doing business at its principal place of business at 223 Wall St., Huntington, NY

11743, USA.

17.    The Corporate Defendants operate together as a single integrated enterprise with uniform employment policies, including wage and hour policies, meal-break policies, and policies regarding the posting of wage notices.

18.    Defendant Guadalupe "Lupe" Castillo Ramirez is the manager and operator of the Corporate Defendant. Upon information and belief, throughout the relevant time period, Guadalupe "Lupe" Castillo Ramirez was responsible for determining the Corporate Defendants' policies with respect to payroll and employment practices and subsequently managing the Corporate Defendants, particularly with regard to the unlawful practices complained of in this action.

19.    Esteban Alvarado Navarro is an operator of the Corporate Defendant. Upon information and belief, throughout the relevant time period, Esteban Alvarado Navarro, together with Defendant Guadalupe "Lupe" Castillo Ramirez, were responsible for determining the Corporate Defendants' policies with respect to payroll and employment practices and subsequently managing the Corporate Defendants, specifically with regard to the unlawful practices complained of in this action.

20.    Defendant John Doe is an owner of the Corporate Defendants. Upon information and belief, throughout the relevant time period, John Doe was responsible for determining the Corporate Defendants' policies with respect to payroll and employment practices and subsequently managing the Corporate Defendants, specifically with regard to the unlawful practices complained of in this action.

21.    The Individual Defendant directed and exercised control over the day-to-day operations of the Corporate Defendants, including over Plaintiff and the Corporate Defendants' other similarly situated employees. He is an employer pursuant to the FLSA, 29 U.S.C. § 203(d)

and regulations promulgated thereunder, and to NYLL § 2 and the regulations promulgated thereunder. The Individual Defendant is therefore jointly and severally liable with the Corporate Defendants.

22.    Upon information and belief, at all relevant times, the Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 206(a) and §207(a).

23.    Upon information and belief, at all relevant times, the Corporate Defendants have had annual gross revenues in excess of five-hundred-thousand dollars ($500,000.00).

24.    At all relevant times, Defendants employed Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

25.    At all relevant times, Plaintiff and the Class Members were employed by Defendants within the meaning of the NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26.    Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second Claims for Relief as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by the Corporate Defendants, at any time during the period that commenced three (3) years prior to the filing of this Complaint and through the entry of judgment in this case (the "Collective Action Period"), who worked as store clerks, assistants and stockers (the "Collective Action Members").

27.    A collective action is appropriate because the Plaintiff and the Collective Action Members are similarly situated. They have substantially similar job duties, are paid under a substantially similar payment structure, and are all subject to the illegal policies and practices by which Defendants refused and/or willfully failed to compensate them for all hours worked, to compensate them at the minimum wage for all hours worked, and to provide overtime premiums

6

for all hours worked in excess of forty (40) hours per week. The claims Plaintiff makes in this action are substantially similar to those of the Collective Action Members.

28. The Collective Action Members are readily ascertainable. The number and identity of the Collective Action Members can be determined from the records of Defendants. For purposes of notice, as well as other purposes related to this action, their names and addresses are available from Defendants. Notice can be provided by means permissible under the Federal Rules of Civil Procedure.

**NYLL RULE 23 CLASS ALLEGATIONS**

29. Pursuant to the NYLL, Plaintiff brings his Third through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by the Corporate Defendants in New York, at any time during the period that commenced six (6) years prior to the filing of this Complaint and through the entry of judgment in this case (the "Class Period"), who worked as store clerks, assistants, and stockers (the "Class" or "Class Members").

30. The Class Members are readily ascertainable. The number and identity of the Class Members can be determined from the records of Defendants. For purposes of notice, as well as other purposes related to this action, their names and addresses are available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure.

31. The Class Members are so numerous that a joinder of all members is impracticable. The precise number of Class Members is unknown. However, upon information and belief, there are more than forty (40) Class Members.

32. The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

a. whether Defendants employed Plaintiff and the New York Class Members

7

within the meaning of the NYLL;

b.     whether Defendants had a policy or actual practice of paying a flat weekly rate or "salary" to Plaintiff and the New York Class Members;

c.     whether Defendants failed and/or refused to pay Plaintiff and the Class Members the prevailing wage for all hours worked;

d.     whether Defendants failed and/or refused to pay the Plaintiff and the Class Members at least the minimum wage for all hours worked;

e.     whether Defendants failed and/or refused to pay the Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per work week;

f.     whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when they worked shifts in excess of ten (10) hours or split shifts;

g.     whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

h.     whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

i.     whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

j.     whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest,

costs and disbursements, and attorneys' fees.

33.    The Plaintiff's claims are typical of the Class Members' claims. Like all Class Members, the Plaintiff is an employee of Defendants who worked for Defendants pursuant to their corporate policies. Like all Class Members, the Plaintiff was, *inter alia*, not paid the prevailing wage for all hours worked; not paid minimum wage for all hours worked; not paid overtime premiums for hours worked in excess forty (40) hours per week; not paid spread-of-hours premiums for days in which Plaintiff worked in excess of ten (10) hours and/or a split shift; not provided proper wage statements with each of her wage payments; not provided time for meal breaks; and not provided proper wage notice when hired or before February 1 of each year. If Defendants are liable to the Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

34.    The Plaintiff and her Counsel will fairly and adequately represent the Class. Plaintiff and the Class Members have no conflicting or antagonistic interests.

35.    The Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

36.    A class action is superior to other available methods for the efficient adjudication of this litigation. The questions presented in this action can be decided by means of common, class-wide proof. If it deems it appropriate, this Court is empowered to fashion methods to efficiently manage this action as a class action. A class action will therefore permit a large group of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplicative efforts and expense that numerous individual actions would entail. As a result, a class action will best serve the public interest in preserving the public's resources and the resources of this Court.

37.     A class action is superior to other available methods for the fair adjudication of this litigation. Prosecuting the Class Members' claims individually incurs the risk of inconsistent and/or varying adjudications of their claims, which would establish incompatible standards of conduct for the Defendants, and potentially impair the Class Members' rights and interests through actions to which they were not party.

38.     Defendants are sophisticated parties with substantial resources. The individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. Because of the losses, injuries, and damages suffered by each of the individual Class Members are relatively small in the context of class action litigation, the costs and burdens of litigation would impede their ability to redress the wrongs done to them by Defendants. In addition, a class action provides Class Members who are not named in the complaint a degree of anonymity from Defendants, which permits them to vindicate their rights without fear of direct or indirect retaliation by Defendants or threats to their employment, future employment, or future efforts to secure employment.

39.     The individual members of the Class have no interest or capacity to bring separate actions; the Plaintiff is unaware of any other currently pending litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

40.     The Corporate Defendants provide professional janitorial services to commercial properties and businesses throughout New York City, Queens, Bronx, Long Island, New Jersey, Connecticut, Brooklyn, and Staten Island. At any given time, the Corporate Defendants employ dozens of kitchen staff workers across all their locations.

10

41.    The Corporate Defendants are owned and operated by Individual Defendants as a single integrated enterprise. They share common management, common policies and practices, unified labor relations under centralized control, and common ownership or financial control. In addition, Individual Defendants advertise the Corporate Defendants as a unified business with multiple locations.

42.    Individual Defendants are regularly present at, or otherwise in regular contact with, each of the Corporate Defendants' locations. They oversee operations, implement policies, and enforce compliance.

43.    From December 1, 2022, through June 8, 2023, the Plaintiff was employed by Building Service INC and worked at various locations, including clinics and Vivvi childcare centers. Her responsibilities included cleaning, organizing, and taking care of children at the Vivvi centers. At least nine (9) other employees worked at Building Service INC with the Plaintiff.

44.    The Plaintiff's duties included: cleaning, maintaining, and organizing the Defendants' janitorial services to commercial properties and businesses throughout New York City, Queens, Bronx, Long Island, New Jersey, Connecticut, Brooklyn, and Staten Island.

45.    Throughout the Plaintiff's employment, she worked for an average of sixty-five (65) hours per week. The hours Plaintiff worked varied each week. However, she rarely worked lesser than sixty (60) hours per week, and some weeks she worked an excess of seventy (70) hours.

46.    The Plaintiff's weekly hours were distributed across six (6) daily shifts. The Plaintiff typically worked from Sunday through Friday and was off on Saturdays.

47.    The Plaintiff's typical daily shift was eleven (11) hours in length; however, this number would also vary. For example, during weeks in which Corporate Defendants were closed for holidays, the Plaintiff was often required to work a shift in excess of fourteen (14) hours on

each day that the Corporate Defendants were open for business.

48.    At the start and end of each daily shift, the Plaintiff was required by Corporate Defendants to "clock in" and "clock out" in order to record the times at which she started and stopped working, as well as record the total amount of hours she had worked and the payments she was owed.

49.    The Plaintiff was subjected to various labor law violations during her employment, including unpaid overtime, harassment, threats, and discrimination. The Plaintiff often worked well over 40 hours per week and was not compensated properly for the overtime hours worked.

50.    The Plaintiff was responsible for performing cleaning and maintenance duties as part of her job. These responsibilities included deep cleaning, forming cleaning groups, and supervising her coworkers. The Plaintiff also experienced coercion and intimidation from her supervisor, Lupe, who manipulated time records and threatened legal consequences for revealing fraudulent practices.

51.    Lupe and the Plaintiff's brother, Esteban, engaged in unethical behavior, such as manipulating hours and using false names on the payroll, causing financial harm and emotional distress to the Plaintiff and her family. Despite the Plaintiff's efforts to resolve the situation and request fair treatment, they were met with continued harassment and threats.

52.    The Plaintiff's employment with Building Service INC was marred by multiple violations of labor laws, harassment, threats, and discriminatory actions. The Plaintiff now seeks remedies for these violations.

## FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE PAYMENTS

53.    The Plaintiff, on behalf of herself and the Collective Action Members, repeats and

realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

54.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206 and 215(a)(2).

55.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

56.     The Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, the Plaintiff and the Collective Action Members are entitled to recover from Defendants: their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME PREMIUMS

### (Brought on Behalf of the Plaintiff and the Collective Action Members)

57.     The Plaintiff, on behalf of herself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58.     The Defendants violated the FLSA overtime rights of the Plaintiff and the Collective Action Members by improperly treating them as exempt from the FLSA when they performed non-exempt duties and thus failing to pay them overtime premiums which are one and one-half (1.5) times employees' regular hourly rates for all hours worked in excess of forty (40) hours per week.

59.     By failing to pay them overtime at a rate not less than one and one-half times the

regular rate of pay for work performed in excess of forty (40) hours per week, the Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

60.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61.    The Defendants' failure to pay overtime caused the Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. The Plaintiff and the Collective Action Members are entitled to recover from Defendants, their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION

### NEW YORK LABOR LAW – UNPAID MINIMUM WAGE

### (Brought on Behalf of the Plaintiff and the Class Members)

62.    The Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

63.    The Defendants willfully violated the Plaintiff's and the Class Members' rights by failing to pay the correct statutory minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

64.    The Defendants' failure to pay minimum wages for all hours worked caused the Plaintiff and the Class Members to suffer loss of wages and interest thereon. The Plaintiff and the Class Members are entitled to recover from the Defendants, their full unpaid minimum wages,

damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) et seq.

## FOURTH CAUSE OF ACTION

## NEW YORK LABOR LAW – UNPAID OVERTIME

### (Brought on Behalf of the Plaintiff and the Class Members)

65.    The Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

66.    The Defendants violated the NYLL overtime rights of the Plaintiff and the Class Members by improperly treating them as exempt from the NYLL when they performed non-exempt store clerk duties, and by failing to pay overtime premiums consisting of one and one-half (1.5) times employees' regular hourly rates for all hours worked in excess of forty (40) hours per week.

67.    The Defendants willfully violated the Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

68.    The Defendants' failure to pay overtime premium compensation caused the Plaintiff and the Class Members to suffer loss of wages and interest thereon. The Plaintiff and the Class Members are entitled to recover from the Defendants, their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 663(1) et seq.

## FIFTH CAUSE OF ACTION

15

**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS**

**(Brought on Behalf of the Plaintiff and the Class Members)**

69.    The Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

70.    The Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

71.    The Defendants willfully violated the Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, et seq., and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146.16 (2012).

72.    The Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from the Defendants: their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) et seq.

**SIXTH CAUSE OF ACTION**

**NEW YORK LABOR LAW – WAGE STATEMENT VIOLATIONS**

**(Brought on Behalf of the Plaintiff and the Class Members)**

73.    The Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though

fully set forth herein.

74.     The Defendants have willfully failed to supply the Plaintiff and the Class Members a proper wage statement as required by Article 6, § 195(3).

75.     Due to the Defendants' violations of the NYLL, the Plaintiff and the Class Members are entitled to recover from the Defendants one hundred dollars ($100.00) per employee for each workweek that the violations occurred or continue to occur, as provided for by NYLL §§ 198(1-d), liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION

## NEW YORK LABOR LAW –WAGE NOTICE VIOLATIONS

### (Brought on Behalf of the Plaintiff and the Class Members)

76.     The Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77.     The Defendants have willfully failed to provide the Plaintiff and the Class Members notice as required by NYLL, Article 6, § 195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other

information as the commissioner deems material and necessary.

78.     Due to the Defendants' violations of the NYLL, the Plaintiff and the Class Members are entitled to recover from the Defendants fifty dollars ($50.00) per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500.00) per employee, as provided for by NYLL, Article 6, § 198(1-b)., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

<strong>PRAYER FOR RELIEF</strong>

79.     Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a)  Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing the Plaintiff and her counsel to represent the Collective Action Members;

b)  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and the appointment of the Plaintiff and his counsel to represent the Class;

c)  An order tolling the statute of limitations;

d)  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e)  An injunction against the Defendants and their officers, agents, successors, employees,

representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f) An award of compensatory damages as a result of Defendants' failure to pay minimum wage pursuant to the FLSA, the NYLL and supporting regulations;

g) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage pursuant to the FLSA, the NYLL, and supporting regulations;

h) An award of compensatory damages as a result of the Defendants' failure to pay overtime compensation pursuant to the FLSA, the NYLL, and supporting regulations;

i) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA, the NYLL, and supporting regulations;

j) An award of damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten (10) hours;

k) An award of one hundred dollars ($100.00) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

l) An award of three thousand four hundred and sixty-nine dollars ($3,469.00), owed to the Plaintiff's sons, Christian "Ricardo Rodriguez" Enrique Camacho Alvarado and Diego "Alexis" Eleazar Camacho Alvarado;

m) An award of two thousand twenty-five dollars ($2,025.00 for a bounced check No. 97424.

n) An award of fifty dollars ($50.00) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1), pertaining to distribution of wage notice, occurred or continue to occur, or a total of twenty-five-hundred dollars ($2,500.00)

per Plaintiff and each of the Class Members as provided for by NYLL §198(1-b);

o) An award of pre-judgment and post-judgment interest;

p) An award of costs and expenses of this action, together with reasonable attorneys' fees;

q) Any and all additional relief this Court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated: New York,
New York October 2, 2023

Respectfully submitted,

_____/s/ Naresh M. Gehi_____
Naresh M. Gehi, Esq.
Gehi & Associates
74-09 37th Avenue, Suite 205,
Queens, NY 11372
(718) 263-5999
 court@gehilaw.com
*Attorney for Plaintiff*

20