UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------- x

| | | |
|---|---|---|
| MARIA ISABEL ALVARADO NAVARRO *et al.*, | : | |
| Plaintiffs, | : | REPORT AND RECOMMENDATION |
| -against- | : | 23-CV-7343 (LDH)(MMH) |
| BUILDING SERVICE, INC. *et al.*, | : | |
| Defendants. | : | |

--------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiffs Maria Isabel Alvarado Navarro, Christian Enrique Camacho Alvarado, Diego Camacho Alvarado, and Armando Romero Rojo, on behalf of themselves and others similarly situated, sued Defendants Building Service, Inc. ("BSI"), Guadalupe Castillo Ramirez, and Esteban Alvarado Navarro, alleging wage-and-hour violations and employment discrimination. (*See generally* 2d. Am. Compl., ECF No. 29.)[1] Before the Court is Plaintiffs' motion for default judgment, solely on their own behalf, pursuant to Federal Rule of Civil Procedure 55(b)(2). (*See generally* Mot., ECF No. 52.) The Honorable LaShann DeArcy Hall referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that Plaintiffs' motion for default judgment should be **denied without prejudice**, and that Plaintiffs should be granted thirty days to file an amended motion for default judgment that cures the deficiencies noted herein. It is further recommended that

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the ECF header unless otherwise noted. Further, to avoid confusion, the Court refers to individual parties by their full names.

Plaintiffs' employment discrimination claims should be deemed abandoned and therefore dismissed.

## I. <u>BACKGROUND</u>[2]

At all relevant times, BSI was a New York corporation that provided professional cleaning and maintenance services to commercial properties in the tri-state area. (*See* 2d. Am. Compl., ECF No. 29 ¶ 1.) BSI's principal place of business was in Huntington, New York with an additional location in Greenlawn, New York. (*Id.* ¶ 15.) Guadalupe Castillo Ramirez owned and operated BSI, established its payroll and employment policies, and managed its day-to-day operations. (*Id.* ¶¶ 1, 18.) Esteban Alvarado Navarro was an operator of BSI and determined its payroll and employment practices. (*Id.* ¶ 19.) Both individual Defendants directed and controlled BSI's day-to-day operations and exercised authority over its employees, including Plaintiffs. (*Id.* ¶ 20.)

Maria Isabel Alvarado Navarro worked for Defendants from approximately December 2022 to June 2023 as a cleaner at various locations, including clinics and Vivvi childcare centers, and her duties included cleaning, organizing, and caring for children. (*Id.* ¶¶ 2, 13.) She sometimes worked with her partner Armando Romero Rojo, who also worked for BSI as a cleaner, and her sons Christian Enrique Camacho Alvarado and Diego Camacho Alvarado. (*Id.* ¶¶ 2, 14.) Throughout their employment, Plaintiffs worked an average of 65 hours per week, six days per week, from Sunday through Friday. (*See id.* ¶¶ 41–42.) Defendants paid Plaintiffs collectively between $2,010.00 and $8,985.00 every two weeks, but Plaintiffs allege

---

[2] The facts are taken from the Second Amended Complaint, whose well-pleaded allegations are assumed to be true, and the uncontroverted documentary evidence submitted in support of the motion. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–89 (2d Cir. 2015).

that the pay allocated to each of them is difficult to understand because Defendants did not provide paystubs. (*Id.* ¶ 41 & n.1.)

Plaintiffs allege that Defendants did not pay them the required minimum wage and overtime wages for hours worked over 40 per week. (*See id.* ¶¶ 3, 7–8, 48–64.) Plaintiffs further allege that Defendants did not provide wage notices and wage statements. (*See id.* ¶¶ 65–77.) Maria Isabel Alvarado Navarro also alleges that Defendants discriminated against her based on her national origin and immigration status. (*See id.* ¶¶ 78–87.)

Plaintiffs initiated this action on October 2, 2023, alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law (the "NYLL"), N.Y. Lab. Law §§ 190 and 650 *et seq.* (*See generally* Compl., ECF No. 1.) After serving process, Plaintiffs amended the Complaint on March 29, 2024, adding violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq*. (*See* ECF Nos. 6, 8–9, 14.) Upon Defendants' motion, on September 18, 2024, the district judge dismissed the First Amended Complaint and granted Plaintiffs leave to amend. (*See* ECF No. 21; Sep. 18, 2024 Order, ECF No. 25.) Plaintiffs filed the Second Amended Complaint ("SAC") on October 16, 2024, reiterating the wage violation and discrimination causes of action and adding more factual allegations. (*See generally* 2d. Am. Compl., ECF No. 29.)

Subsequently, defense counsel moved to withdraw, which the Court granted after a motion hearing. (*See* ECF No. 30; Nov. 6, 2024 Minute Entry; Apr. 17, 2025 Order.) On July 7, 2025, the Court directed Plaintiffs to serve the SAC on Defendants; Plaintiffs complied on July 22, 2025. (*See* July 7, 2025 Order; ECF No. 42.) At Plaintiffs' request, after Defendants failed to appear or otherwise respond to the SAC, the Clerk of Court entered default against

BSI on January 5, 2026, and against Guadalupe Castillo Ramirez and Esteban Alvarado Navarro on January 16, 2026. (*See* ECF Nos. 44–45, 47–48, 50–51.)

Plaintiffs filed the instant motion for default judgment on February 13, 2026, seeking unpaid minimum and overtime wages, statutory damages, liquidated damages, pre-judgment interest, post-judgment interest, and attorneys' fees and costs for Defendants' alleged wage and hour violations. (*See generally* Mem., ECF No. 52-1.) Judge DeArcy Hall referred the motion for report and recommendation. (*See* Feb. 18, 2026 Order Ref. Mot.)

## II. <u>DISCUSSION</u>

### A. Standard for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment. *See* Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y. Mar. 9, 2021). *First*, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default. Fed. R. Civ. P. 55(a). If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment. Fed. R. Civ. P. 55(b)(1). *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzales v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). To "enter or effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up). The Court must draw all reasonable inferences in favor of the movant. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "a default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (quoting *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)). As discussed below, Plaintiffs' motion contains procedural and substantive deficiencies that make default judgment inappropriate.

**B. Local Civil Rules**

As an initial matter, Plaintiffs fail to demonstrate compliance with the Local Civil Rules' requirements for default judgment motions. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 n.2 (2d Cir. 2006) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local rules"); *see also Vazquez Romero v. La Morenita Fruit Mkt. Corp*, No. 23-CV-6300 (OEM)(MMH), 2026 WL 687228, at *5 (E.D.N.Y. Mar. 11, 2026) (recommending denial of default judgment motion for, among other reasons, failing to comply with the requirements of Local Rule 55.2), *R. & R. adopted by* Order Adopting R. & R., *Vazquez Romero v. La Morenita Fruit Mkt. Corp*, No. 23-CV-6300 (OEM)(MMH) (E.D.N.Y. Mar. 31, 2026). A party seeking default judgment must submit, *inter alia*, "a statement of damages, sworn or affirmed to by one or more people with personal knowledge . . . showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs." Loc. Civ. R. 55.2(c). *See also Tetra Images, LLC v. Grahall Partners, LLC*, No. 19-CV-5250 (PMH), 2021 WL 2809566, at *2 (S.D.N.Y.

July 6, 2021) ("While an evidentiary hearing under [Fed. R. Civ. P.] 55(b)(2) is not required, a plaintiff must establish through affidavits or other evidence 'a basis for the damages specified in the default judgment.'") (quoting *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).

Here, Plaintiffs do not submit any sworn evidence from individuals with personal knowledge to support their request for damages. Instead, and in contravention of multiple Court Orders, Plaintiffs submit plainly insufficient evidence and improperly seek further directives from the Court. First, in their memorandum of law, Plaintiffs direct the Court to their "pleading" (i.e., the SAC) because it "includes representative periods and paid amounts and identifies amounts sought." (Mem., ECF No. 52-1 at 6 (citing 2d Am. Compl., ECF No. 29 ¶ 41 & 22–23 (Prayer for Relief).) Plaintiffs also submit the declaration of their attorney, which attaches a purported "detailed table calculating the amounts of unpaid minimum wages and unpaid overtime owed to each Plaintiff[.]" (*See* Gehi Affirmation Ex. A, ECF No. 52-5.) However, "allegations in [Plaintiffs'] unverified Complaint, as well as a computation of damages affixed to the declaration of [their] attorney . . . cannot satisfy [Plaintiffs'] burden to establish a sufficient basis exists to award the damages [] requested." *Echevarria v. ABC Corp.*, No. 21-CV-4959 (JS)(ARL), 2023 WL 5880417, at *8 (E.D.N.Y. Sep. 11, 2023), *R. & R. adhered to on reconsideration*, 2024 WL 1639934 (E.D.N.Y. Apr. 16, 2024). Moreover, Plaintiffs' "detailed table" is merely an unlabeled list of dates and numbers with no explanation of the basis for each element of damages per plaintiff. Courts regularly deny default judgment motions in whole or in part when plaintiffs fail to submit their own sworn statements regarding their damages requests. *See, e.g.*, *Cruz v. PJR Drywall Constr. Inc.*, No. 24-CV-8567 (RPK)(MMH), 2026 WL 663716, at *13 (E.D.N.Y. Mar. 9, 2026) (recommending denying

damages for five plaintiffs in default judgment motion for failing to submit sworn affidavits or other evidence in support of request for damages), *R. & R. adopted by* Order Adopting R. & R., *Cruz v. PJR Drywall Constr. Inc.*, No. 24-CV-8567 (RPK)(MMH) (E.D.N.Y. Mar. 25, 2026); *Zhao v. Ke Zhang Inc.*, No. 18-CV-6452 (EK)(VMS), 2025 WL 2774403, at *6 (E.D.N.Y. Aug. 15, 2025) (recommending denying default judgment motion for, *inter alia*, failing to provide sufficient information regarding damages that is "sworn or affirmed to by one or more people with personal knowledge"), *R.& R. adopted by* 2025 WL 2773022 (E.D.N.Y. Sep. 29, 2025); *Turner v. Desormeau*, No. 23-CV-1432 (CBA)(JAM), 2025 WL 36429, at *11 (E.D.N.Y. Jan. 6, 2025) (recommending denial of default judgment motion for, among other reasons, failing to submit a statement of damages), *R. & R. adopted by* Order Adopting R. & R., *Turner v. Desormeau*, No. 23-CV-1432 (CBA)(JAM) (E.D.N.Y. Jan. 22, 2025).

Second, Plaintiffs request that the Court "direct Plaintiffs to submit sworn damages declarations with supporting exhibits." (Mem., ECF No. 52-1 at 7.) But the Court twice warned Plaintiffs that their default judgment motion "must comply with this district's Local Civil Rules" and that "failure to comply with the Rules is sufficient to deny the motion in whole or in part." (*See* July 7, 2025 Order; Jan. 9, 2026 Order.) The Court thus did not have to order Plaintiffs to submit sworn damages declarations when its earlier directives plainly stated the requirement to comply with Local Civil Rule 55.2(c). *See Santacruz v. Blok Chocolatier LLC,* No. 19-CV-544 (EK)(SJB), 2021 WL 4341103, at *2 (E.D.N.Y. June 23, 2021) ("Local Rule 55.2 is strictly construed, and failure to comply with the rule is alone a basis to deny the motion for default judgment"), *R. & R. adopted by* 2021 WL 4340963

(E.D.N.Y. Sep. 23, 2021). By omitting evidence to explain their requested relief, Plaintiffs failed to mitigate the risk of denial of default judgment.

Finally, Plaintiffs do not offer any evidence supporting their requested attorneys' fees and costs. Instead, Plaintiffs state that they "*will submit* contemporaneous time records and documentation of taxable costs" at some undetermined date. (Mem., ECF No. 52-1 at 7 (emphasis added).) It is well-settled that "a party seeking attorneys' fees is required to submit contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work performed." *LG Cap. Funding, LLC v. Ubiquity, Inc.*, No. 16-CV-3102 (LDH)(SMG), 2017 WL 3173016, at *5 (E.D.N.Y. May 12, 2017) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)), *R. & R. adopted by* 2017 WL 3168961 (E.D.N.Y. July 25, 2017). Courts in this Circuit also routinely deny requests for attorneys' fees and costs for the failure to submit contemporaneous billing records and receipts. *See Leo v. Province Therapeutics, LLC*, No. 23-CV-5418 (NJC)(JMW), 2024 WL 2923945, at *7 (E.D.N.Y. May 21, 2024) (denying attorneys' fee application in a default judgment motion because "although Plaintiff's counsel submits the requisite credentials, and no doubt performed and rendered valuable legal services to its client, wholly absent from the motion for fees are contemporaneous billing records[,]" and collecting cases), *R. & R. adopted by* 2024 WL 2891798 (E.D.N.Y. June 10, 2024); *see also Gov't Emps. Ins. Co. v. ALP Supply, Inc.*, No. 22-CV-79 (LDH)(MMH), 2023 WL 5846680, at *7 n.5 (E.D.N.Y. Sep. 11, 2023) (denying costs in a default judgment motion when plaintiffs failed to "provide records that document and itemize the requested costs"), *R. & R. adopted by* Order Adopting R. & R., *Gov't Emps. Ins. Co. v. ALP Supply, Inc.*, No. 22-CV-79 (LDH)(MMH) (Sep. 28, 2023).

Because Plaintiffs' counsel has failed to include any records to justify attorneys' fees and costs, the Court cannot determine an appropriate fee award or whether costs are appropriate.

Accordingly, the Court respectfully recommends that the motion for default judgment against all Defendants should be denied for failure to comply with Local Civil Rule 55.2(c).

**C. Servicemembers Civil Relief Act**

Even assuming compliance with the Local Civil Rules, Plaintiffs' motion against the individual Defendants should also be denied for failure to comply with the Servicemembers Civil Relief Act ("SCRA"). Pursuant to the SCRA, "[i]n a default judgment action, a plaintiff is required to file an affidavit that states whether the defendant is serving in the military and must show necessary facts in support of the affidavit." *Lopez v. Metro & Graham LLC*, No. 22-CV-332 (CBA)(RER), 2022 WL 18809176, at *5 (E.D.N.Y. Dec. 16, 2022), *R. & R. adopted by* 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023) (citing 50 U.S.C. § 3931(b)(1)); *see also* Loc. Civ. R. 55.2(a)(1)(B). "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default [judgment] is to be entered." *Tenemaza v. Eagle Masonry Corp.*, No. 20-CV-452 (AMD)(VMS), 2021 WL 8317120, at *5 (E.D.N.Y. July 22, 2021) (citing *Pruco Life Ins. Co. of N.J. v. Est. of Locker*, No. 12-CV-882 (ENV)(RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012)); *see also Morales v. Los Cafetales Rest. Corp.*, No. 21-CV-1868 (AMD)(RER), 2023 WL 375647, at *4 (E.D.N.Y. Jan. 3, 2023) (recommending denial of default judgment motion for, *inter alia*, failing to comply with the SCRA), *R. & R. adopted by* 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023).

Here, Plaintiffs have not established compliance with the SCRA. While the affidavits of service of the original Complaint indicated that Guadalupe Castillo Ramirez and Esteban

Alvarado Navarro were not in military service at the time of service (*see* ECF Nos. 8–9), Plaintiffs have not shown any efforts to verify the Defendants' military service *after* the entry of default. Attorney Naresh Gehi's affirmation in support of the motion for default judgment states: "Upon information and belief, the Individual Defendants are not infants, incompetent persons, or members of the armed services of the United States." (Gehi Aff., ECF No. 52-2 ¶ 10.) This conclusory assertion fails to establish that Guadalupe Castillo Ramirez and Esteban Alvarado Navarro were not in the military after the Clerk of Court entered default. "'Plaintiff[s'] burden in this regard is not a heavy one, as the Department of Defense maintains a [SCRA] website for the purposes of, among other things, determining whether an individual is on active duty.'" *Quinayas v. Smart Tortilla LLC*, No. 24-CV-2823 (HG)(MMH), 2025 WL 815416, at *3 (E.D.N.Y. Mar. 14, 2025) (citing *McLaughlin v. Onanafe Mgmt. Sols. LLC*, No. 22-CV-6792 (PKC)(MMH), 2024 WL 4184485, at *6 (E.D.N.Y. Sep. 14, 2024), *R. & R. adopted by* 2024 WL 4355485 (E.D.N.Y. Sep. 30, 2024)). Importantly, "statements made 'upon information and belief' cannot be used to satisfy the SCRA's requirements," *Gordon v. Chambers*, No. 20-CV-696 (HG)(JAM), 2024 WL 1710901, at *6 (E.D.N.Y. Apr. 22, 2024), *R. & R. adopted by* Order Adopting R. & R., No. 20-CV-696 (HG)(JAM) (E.D.N.Y. Aug. 21, 2024), and "failure to comply with this requirement warrants denial of [Plaintiffs'] motion for default." *Windward Bora, LLC v. Ortiz*, No. 21-CV-4154 (MKB)(JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), *R. & R. adopted by* 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022).

Accordingly, because Plaintiffs fail to demonstrate compliance with the SCRA, the Court respectfully recommends that the motion for default judgment against Guadalupe Castillo Ramirez and Esteban Alvarado Navarro should be denied.

**D. Abandoned Claims**

The Court also notes that Plaintiffs do not seek default judgment on the SAC's Fifth Cause of Action in which Maria Isabel Alvarado Navarro alleges national origin and immigration status discrimination in violation of Title VII and the NYSHRL. (*See* 2d Am. Compl., ECF No. 29 ¶¶ 78–87 (Fifth Cause of Action); Notice of Mot., ECF No. 52 (requesting an order "[f]inding Defendants [l]iable for violations of the [FLSA] and [NYLL]"); *see generally* Mem., ECF No. 52-1 (describing FLSA and NYLL violations).) "If a plaintiff raises a claim in a complaint but fails to mention it in the ensuing default judgment motion, a court may consider that claim abandoned." *Borja v. MSK Rest. Corp*, No. 22-CV-6178 (EK)(VMS), 2025 WL 951402, at *4 (E.D.N.Y. Mar. 13, 2025) (citing *Duan v. Studio M Bar & Lounge Inc.*, No. 20-CV-2240 (RPK)(JRC), 2024 WL 4250262, at *3 n.8 (E.D.N.Y. Jan. 31, 2024), *R. & R. adopted by* Order Adopting R. & R., *Duan v. Studio M Bar & Lounge Inc.*, No. 20-CV-2240 (RPK)(JRC) (E.D.N.Y. Feb. 20, 2024) and *Zabrodin v. Silk 222*, Inc., 702 F. Supp. 3d 102, 121 (E.D.N.Y. 2023)), *R. & R. adopted sub nom. Borja v. MSK Resturant Corp.*, No. 22-CV-6178 (EK)(VMS), 2025 WL 948122 (E.D.N.Y. Mar. 29, 2025); *see also id.* at *16 (recommending dismissal with prejudice of NYLL time-shaving claims on default because plaintiff did not include proposed damages for the claim); *Yagui v. Republic Bar & Lounge Inc.*, No. 25-CV-2674 (MKB), 2026 WL 1296762, at *9 n.9, *22 (E.D.N.Y. May 12, 2026) (dismissing abandoned causes of action where plaintiff failed to address them in motion for default judgment). As such, the Court respectfully recommends that Plaintiffs' Fifth Cause of Action alleging violations of Title VII and the NYSHRL should be deemed abandoned and thus dismissed.

## III. CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiffs' motion for default judgment at ECF No. 52 should be **denied without prejudice**. The Court further recommends that Plaintiffs should be granted thirty days to file an amended motion for default judgment that cures the deficiencies noted herein. It is further recommended that Plaintiffs' employment discrimination claims should be deemed abandoned and therefore dismissed.

A copy of this Report and Recommendation is being served on Plaintiffs via ECF. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Defendants at the following addresses: Building Service, Inc. at 96-21 43rd Avenue, Corona, New York 11368 and 741 Park Avenue, Huntington, New York 11743; and Guadalupe Castillo Ramirez and Esteban Alvarado Navarro at 96-21 43rd Avenue, Corona, New York 11368.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge DeArcy Hall. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025).

**SO ORDERED.**

Brooklyn, New York
August 24, 2026

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge